UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY J. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-1163 |
| ) | JUDGE CRENSHAW |
| SOUTHERN HEALTHCARE ) | |
| PARTNERS, et al., ) | |
| ) | |
| Defendants. ) | |

# M E M O R A N D U M

The Plaintiff, proceeding *pro se*, is a pre-trial detainee at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Southern Healthcare Partners, a contract provider of medical services at the Jail; and Sonny Weatherford, Sheriff of Sumner County; seeking damages.

The Plaintiff alleges that staff members at the Sumner County Jail have ignored his numerous requests to be placed on sick call in violation of his right to adequate medical care.

The Defendants are the employers of the staff at the Sumner County Jail. The Plaintiff cannot sue the Defendants solely because of their status as supervisors, employers or chief executive officers because 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v.

Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the Defendants are involved in the day to day medical decisions being made at the Jail. Nor has the Plaintiff alleged that the denial of medical care is directly linked to an official policy at the Jail. Personal liability "must be based on the actions of that Defendant in the situation that the Defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the Plaintiff has failed to state a claim against the Defendants upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE